UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| REACHOUT TECHNOLOGY CORP., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> LUCIANO AGUAYO, an individual, and ARMANDO GONZALEZ, an individual, <br><br> Defendants. <br>_____<br><br> LUCIANO AGUAYO and ARMANDO GONZALEZ, <br><br> Counter-Plaintiffs, <br><br> REACHOUT TECHNOLOGY CORP., a Delaware corporation, <br><br> Counter-Defendant. <br>------------------------------------------------------<br> LUCIANO AGUAYO and ARMANDO GONZALEZ, <br><br> Third-Party Plaintiffs, <br><br> v. <br><br> RICK JORDAN, and BRODERICK ABBOTT, <br><br> Third-Party Defendants | Case No.: 1:24-CV-03408 |

**THIRD PARTY PLAINTIFF LUCIANO AGUAYO'S RESPONSES TO THIRD PARTY DEFENDANT RICK JORDAN'S FIRST REQUESTS TO ADMIT**

1

1. Admit that Luciano Aguayo retained possession of a Toyota 4Runner that was part of the assets transferred to ReachOut under the Membership Interest Purchase Agreement and refused to turn it over to ReachOut despite demand for same.

> **RESPONSE: Aguayo admits he retained possession of the referenced vehicle as he was liable for the debt of the vehicle, and that ReachOut made a demand for possession, however, denies the remainder of Request No. 1.**

2. Admit that Luciano Aguayo sold the Toyota 4Runner and retained the proceed for himself.

> **RESPONSE: Denied.**

3. Admit that Luciano Aguayo billed Envision Health Care on behalf of himself or his own company, Luciano LLC, rather than on behalf of ReachOut.

> **RESPONSE: Aguayo admits No. 3 pursuant to a carve-out in the operative agreements including the Membership Interest Purchase Agreement, and the Employment Agreement.**

4. Admit that Luciano Aguayo billed Franklin Mountain Management on behalf of himself or his own company, Luciano LLC, rather than on behalf of ReachOut.

> **RESPONSE: Aguayo admits No. 4 pursuant to a carve-out in the operative agreements including the Membership Interest Purchase Agreement, and the Employment Agreement.**

5. Admit that Luciano Aguayo assigned a ReachOut technician to service Envision Health Care.

> **RESPONSE: Denied.**

6. Admit that Luciano Aguayo assigned a ReachOut technician to service Franklin Mountain Management.

> **RESPONSE: Denied.**

7. Admit that Aguayo never billed Envision Health Care on behalf of Reachout.

**RESPONSE: Aguayo objects on basis of relevance. Subject to and without waiving this objection, Aguayo admits Request No. 7.**

8. Admit that Aguayo never billed Franklin Mountain Management on behalf of Reachout.

**RESPONSE: Admitted.**

9. Admit that Aguayo was terminated from ReachOut for cause.

**RESPONSE: Denied.**

10. Admit that in all interactions with Third Party Plaintiffs, Jordan was acting as the President of ReachOut.

**RESPONSE: Third-Party Plaintiff objects on the grounds that the Request states a legal conclusion and does not request the admission of a fact. Third-Party Plaintiffs further object on the basis that the Request is vague, ambiguous, and better directed to Mr. Jordan. Without waiving these objections, Aguayo denies Request No. 10.**

11. Admit that any business decision made by Jordan that ReachOut not pay on the Note was made in his capacity as President of ReachOut.

**RESPONSE: Third-Party Plaintiff objects on the grounds that the Request states a legal conclusion and does not request the admission of a fact. Third-Party Plaintiffs further objects on the basis that the Request is vague, ambiguous, and better directed to Mr. Jordan. Without waiving these objections, Aguayo denies Request No. 11.**

12. Admit that any business decision made by Jordan that ReachOut not pay on your Employment Agreement was made in his capacity as President of ReachOut.

**ANSWER: Third-Party Plaintiff objects on the grounds that the Request states a legal conclusion and does not request the admission of a fact. Aguayo further objects**

>**on the basis that the Request is vague, ambiguous, and better directed to Mr. Jordan. Without waiving these objections, Aguayo denies Request No. 12.**

  13. Admit that as a contracting party to the Note, ReachOut had the right to breach the payment terms of the Note and be held responsible for damages.

**ANSWER:** **Third-Party Plaintiff objects on the grounds that the Request states a legal conclusion and does not request the admission of a fact.**

  14. Admit that as a contracting party to your Employment Agreement, ReachOut had the right to breach the payment terms of the Employment Agreement and be held responsible for damages.

**ANSWER:** **Third-Party Plaintiff objects on the grounds that the Request states a legal conclusion and does not request the admission of a fact.**

                Respectfully submitted,

                Luciano Aguayo

            By: /s/ Paul B. Porvaznik
               Paul B. Porvaznik,
               One of his attorneys

Paul B. Porvaznik, Esq. (IL Bar No. 6237896)
porvaznik@bc-lawyers.com
John N. Bielski II, Esq., (IL Bar No. 6242527)
bielski@bc-lawyers.com
Bielski Chapman, Ltd.
123 N. Wacker Dr., Suite 2300
Chicago, IL 60606
Tel: (312) 583-9430

4

## **CERTIFICATION**

Pursuant to 28 U.S.C. § 1746, I hereby certify under penalty of perjury that this response to the Requests for Admission has been prepared by me or under my personal supervision from records in my possession or control and is complete and correct to the best of my knowledge.

_____
Luciano Aguayo