Civil Action No. **1:24-CV-03408**

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for **ReachOut Technology Corp.**
was recieved by me on **11/26/2025:**

☐ I personally served the summons on the individual at *(place)* on *(date)* ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* , a person of suitable age and discretion who resides there, on , and mailed a copy to the individual's last known address; or

☒ I served the summons on **Registered Agents Solutions Inc.**, who is designated by law to accept service of process on behalf of **ReachOut Technology Corp.** at **838 Walker Rd Ste 21-2, Dover, DE 19904** on **12/01/2025 at 10:24 AM**; or

☐ I returned the summons unexecuted because ; or

☐ Other *(specify)*

My fees are $ 0 for travel and **$ 145.00** for services, for a total of **$ 145.00**.

I declare under penalty of perjury that this information is true.

Date: 12/01/2025

*Server's signature*

**Alan Zielen**
*Printed name and title*

**16192 Coastal Hwy**
**Lewes, DE 19958**

*Server's address*

Additional information regarding attempted service, etc:

**I delivered the documents, PETITION FOR RULE TO SHOW CAUSE FOR FAILURE TO RESPOND TO CITATION TO DISCOVER ASSETS; DEFAULT JUDGMENT ORDER; CITATION TO DISCOVER ASSETS TO DEBTOR; INCOME AND PROPERTY STATEMENT; RIDER TO CITATION TO DISCOVER ASSETS; CITATION NOTICE TO REACHOUT TECHNOLOGY CORP.; NOTIFICATION OF DOCKET ENTRY, to Registered Agents Solutions Inc. who identified themselves as the person authorized to accept with identity confirmed by subject saying yes when named. The individual accepted service with direct delivery. The individual appeared to be a black-haired white male contact 45-55 years of age, 5'8"-5'10" tall and weighing 180-200 lbs with a beard.
Successfully served. Christy Scargill was the authorized individual.**




Tracking #: **0197234624**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| REACHOUT TECHNOLOGY CORP., a Delaware corporation, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No.: 1:24-CV-03408<br>) |
| LUCIANO AGUAYO, an individual, and ARMANDO GONZALEZ, an individual, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |
| LUCIANO AGUAYO and ARMANDO GONZALEZ, | )<br>)<br>) |
| Counter-Plaintiffs, | )<br>) |
| REACHOUT TECHNOLOGY CORP., a Delaware corporation, | )<br>)<br>) |
| Counter-Defendant. | ) |
| LUCIANO AGUAYO and ARMANDO GONZALEZ, | )<br>)<br>) |
| Third-Party Plaintiffs, | )<br>) |
| v. | )<br>) |
| RICK JORDAN, and BRODERICK ABBOTT, | )<br>)<br>) |
| Third-Party Defendants | ) |

**PETITION FOR RULE TO SHOW CAUSE FOR FAILURE TO RESPOND TO CITATION TO DISCOVER ASSETS**

NOW COMES Counter-Plaintiffs, Luciano Aguayo and Armando Gonzalez, by and through its undersigned counsel, and respectfully petitions this Court to issue an order for a Rule

to Show Cause why John Lee, agent for ReachOut Technology Corporation should not be held in contempt for failure to comply with a duly issued Citation to Discover Assets, and in support states as follows:

1. On July 9, 2025, this Court entered judgment in favor of Counter-Plaintiffs and against Counter-Defendant ReachOut, in the amount of $1,489,995.88, plus costs of $405.00. [7/9/25 Default Judgment, Ex. A]

2. Pursuant to Fed. R. Civ. P. 69(a) and 735 ILCS 5/2-1402, on July 30, 2025, Counter-Plaintiffs caused a Citation to Discover Assets to be issued and served upon ReachOut Technology Corporation requiring the respondent to appear and/or provide written responses concerning the judgment debtor's assets. [Citation to Discover Assets, Ex. B]

3. ReachOut Technology Corporation's agent, John Lee was duly served with the Citation on August 8, 2025 but has failed and refused to comply by (a) failing to appear for examination, (b) failing to produce documents, and (c) failing to answer the Citation, in violation of this Court's orders. [Proof of Service, Ex. C]

4. Counter-Plaintiffs' Counsel appeared on September 3, 2025 at 10:00am on Zoom for a citation examination as noticed in the Citation, however no representative of ReachOut appeared after 32 minutes. [Record of September 3, 2025 Citation Examination, Ex. D]

5. The failure of ReachOut Technology Corporation to respond to the Citation impedes Counter- Plaintiffs' ability to enforce the Judgment and undermines the authority of this Court.

6. Counter-Plaintiffs have made good-faith efforts to secure compliance without the Court's intervention, but ReachOut Technology Corporation continues to disregard its obligations.

7. "Courts enjoy the inherent power to enforce compliance with their lawful orders through civil contempt." *Teledyne Techs., Inc. v. Shekar*, No. 15-CV-1392, 2015 WL 3799559, at *4 (N.D. Ill. June 17, 2015). In order to support a contempt finding, the moving party must establish by clear and convincing evidence that (1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply. *See id.* Each of the above elements are satisfied in this instance as the Counter-Defendant /Judgment Debtor has failed to respond to the Citation.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Issue a Rule requiring John Lee to appear before this Court on a date certain and show cause why he should not be held in contempt for failing to comply with the Citation to Discover Assets;

B. Upon hearing, adjudge John Lee in contempt of court and impose appropriate sanctions, including but not limited to coercive fines, attorney's fees, and costs, until compliance is achieved;

C. Award Plaintiff its reasonable attorney's fees and costs incurred in connection with this Petition; and

D. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

Luciano Aguayo and Armando Gonzalez

/s/ Paul B. Porvaznik
By: _____
Paul B. Porvaznik,
One of their attorneys

Paul B. Porvaznik, Esq. (IL Bar No. 6237896)
porvaznik@bc-lawyers.com
Bielski Chapman, Ltd.
123 N. Wacker Dr., Suite 2300
Chicago, IL 60606
Tel: (312) 583-9430